**Edward Y.S. LEE, Plaintiff/Appellant,**

v.

**TRW INC., Defendant/Appellee.**

No. 03–56332.
D.C. No. CV–02–05172–FMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2005.

Decided June 20, 2005.

Michael J. Collins, Nikki L. Wilson, Collins & Bellenghi, LLP, Irvine, CA, for Plaintiff/Appellant.

Gregg C. Sindici, Littler Mendelson, San Diego, CA, for Defendant/Appellee.

Before WARDLAW, PAEZ, Circuit Judges, and BEISTLINE,* District Judge.

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alas-

## MEMORANDUM**

Edward Y.S. Lee appeals the district court's summary judgment in favor of TRW Inc. ("TRW") in Lee's diversity action arising from TRW's demotion and termination of Lee's employment as an engineer. In essence, Lee raises three issues: (1) whether the district court properly granted summary judgment in favor of TRW on Lee's claim of age discrimination related to his layoff; (2) whether the district court properly granted summary judgment in favor of TRW on Lee's claim of age discrimination related to his reclassification; and (3) whether the district court properly granted summary judgment in favor of TRW on Lee's cause of action for breach of implied contract not to terminate without good cause.[1] We have jurisdiction under 28 U.S.C. § 1332, and we affirm in part, reverse in part, and remand for proceedings not inconsistent with our decision.

■ To begin, it is clear that Lee entered into an at-will contract with TRW. This contract precludes the existence of an implied contract requiring good cause for termination. *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 340 n. 10, 100 Cal. Rptr.2d 352, 8 P.3d 1089 (Cal.2000) ("[M]ost cases applying California law ... have held that an at-will provision in an *express written agreement*, signed by the employee, *cannot* be overcome by proof of an implied contrary understanding." (emphasis in original)). As a result, we find that the district court properly granted summary judgment in favor of TRW on Lee's cause of action for breach of an implied contract.

■ We conclude, however, that there are genuine issues of material fact with respect to whether TRW's reasons for demoting and terminating Lee were pretextual. Lee presented evidence that TRW "was considering things like seniority and age" in its downsizing decisions, and that TRW failed to follow its employee termination procedures. The district court erred by failing to view the facts and inferences in the light most favorable to Lee. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we reference them here only as they are necessary to explain our decision.

